UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
HENRY FRANCIS,                      )
                                    )
        Plaintiff,                  )
                                    )
  v.                                )   Civil Action No. 04-0855 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
OF JUSTICE, *et al.*,               )
                                    )
        Defendants.                 )
_____ )

MEMORANDUM OPINION

        This matter is before the Court on defendants' Motion to Dismiss or Transfer Venue. Having considered the motion, plaintiff's opposition, and the entire record in this case, the Court will transfer this action to the United States District Court for the Middle District of Florida.

I.  BACKGROUND

        Plaintiff is a federal prisoner who is incarcerated at the Federal Correctional Complex in Coleman, Florida ("FCC Coleman"). He alleges that staff at FCC Coleman extracted a blood sample against his will pursuant to the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a. *See* Complaint ("Compl."), ¶¶ 12-21. Plaintiff states that "it was against his rastafarians religious faith and its [sic] against his religious beliefs to punch a hole inside of his flesh for blood or for any reason unless its [sic] for a good cause." *Id.*, ¶ 12.

Plaintiff alleges that this taking of a blood sample violates the Religious Exercise in Land Use and by Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, and violates his rights under the First, Fourth and Fifth Amendments to the United States Constitution.  In addition, he alleges that the offense of which he was convicted, conspiracy to murder, is based on false information.  Compl., ¶¶ 29-32.  Because the conviction is invalid, he argues, the DNA Act does not apply to him.  *Id.*, ¶ 29.  He demands a declaratory judgment and injunctive relief.[1]

## II.  DISCUSSION

Defendants move to transfer this action to the Middle District of Florida, the district in which plaintiff is incarcerated and where all events relevant to the complaint occurred.  "Courts in this jurisdiction must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).[2]

---

[1] Plaintiff also demands $5,000,000 in monetary damages.  *See* Compl., ¶ 22.

[2] The Court notes that the individual defendants named in this action (McKelvey, Coll, Eckhardt, Castellano, Williams, and Director of the Bureau of Prisons) are sued in both their official and individual capacities.  *See* Compl., ¶ 10; Pl.'s Opp. at 2.  It appears that these defendants, with the exception of the Director, reside in Florida.  *See* Compl., ¶¶ 6-9; Pybas Decl., ¶ 3.  It is unlikely that this Court properly may exercise personal jurisdiction over these non-resident defendants pursuant to the District of Columbia's long-arm statute.  *See* D.C. Code §§ 13-422, -423(a); *Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity).  Furthermore, it does not appear that these defendants properly were served with process.  *See* Fed. R. Civ. P. 4; Dkt. # 5-8.

(continued...)

*A. Venue in this District is not proper.*

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, as in this case, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Under these criteria, venue in this district is not proper. All of the defendants do not reside in the District of Columbia, and there is a judicial district in which this action properly should be brought. Because a substantial part of the events or omissions giving rise to plaintiff's claims occurred at FCC Coleman, the proper district is the Middle District of Florida.

*B. Transfer of this action to the Middle District
of Florida is in the interest of justice.*

In a case filed in a jurisdiction in which venue is improper, the Court may dismiss the action, or in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision to dismiss or transfer an action in the interest of justice is left to the discretion of the Court. *See Novak-Canzeri v. Saud*, 864 F.Supp. 203, 207 (D.D.C. 1993). The Court may transfer an action even though it lacks personal

---

[2](...continued)
Although a suit against the Department of Justice and the Director of the Federal Bureau of Prisons in his official capacity might be brought in this district, merely naming these defendants does not establish a sufficient connection to the District of Columbia. This Court may exercise personal jurisdiction over these defendants, assuming that service of process is proper. Due to other considerations discussed below, however, this civil action should proceed in the United States District Court for the Middle District of Florida. *See Cameron v. Thornburgh*, 983 F.2d at 256.

jurisdiction over the defendants.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).  The Court will transfer this action to the United States District Court for the Middle District of Florida, the district in which venue is proper and in which most of the events giving rise to plaintiff's claims occurred.

### III.   CONCLUSION

The Court concludes that venue in this district is improper, and that transfer of this action to the Middle District of Florida is in the interest of justice.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: July 20, 2005